UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-138 (JCH) |
| | : | |
| MILTON MENAFEE | : | AUGUST 5, 2008 |

**RULING**

On March 27, 2008, this court issued an Order to Show Cause why the defendant, Milton Menafee, should be given a reduced sentence pursuant to the newly retroactive change in the crack-cocaine guidelines. See Doc. No. 1956. The court noted that Menafee had been found to be a career offender at sentencing, and that he therefore appeared ineligible to obtain a reduced sentence. Id. Menafee responded by pointing out that, at sentencing, the court had departed from the career offender guidelines because it concluded that the guidelines had over-represented Menafee's criminal history. See Defendant's Response at 5-6. In Menafee's view, he is thus still eligible to benefit from the retroactive guidelines change.

For the reasons that follow, the court rejects the defendant's argument and concludes that resentencing is not appropriate.

**I.   BACKGROUND**

On February 25, 2005, Menafee pled guilty to a one-count Information. That Information charged him with conspiracy to distribute between 5 and 20 grams of crack-cocaine, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846. The conspiracy operated between January and April of 2004.

1

Menafee appeared for sentencing on July 9, 2005. Based on the guidelines then in effect, and based on the quantity of crack-cocaine attributed to Menafee, the court calculated Menafee's base offense level to be 26. See Sentencing Tr. at 5; USSG § 2D1.1(c)(7) (2004). However, because Menafee qualified for career offender status, the guidelines elevated his offense level to 34. See Sentencing Tr. at 6; USSG § 4B1.1(b)(B). The career offender guidelines also had the effect of raising Menafee's criminal history to category VI, rather than category IV, which he otherwise would have been. See Sentencing Tr. at 7; USSG § 4B1.1(b).

After taking into account a three point reduction for acceptance of responsibility, see USSG § 3E1.1, the court classified Menafee as offense level 31, with a criminal history category of VI, which called for a guidelines range of 188-235 months. Sentencing Tr. at 7. Despite this calculation, however, the court went on to conclude that Menafee's career offender status over-represented his criminal history. Id. at 34-36. As best the court can determine from the available materials, the court appears to have therefore departed horizontally to criminal history category V, and departed vertically to an offense level of 23 (the offense level that would have applied but for the career offender designation).[1] See id.; USSG § 4A1.3(b) (permitting downward departures from the sentencing guidelines when a court concludes that "the defendant's

---

[1] To determine the logic behind the court's sentencing calculation, the court reviewed the sentencing transcript and the statement of reasons, coupled with the court's recollection of the sentencing. As the record (and the court's recollection) is not crystal clear, it is possible that the court's sentence reflected only a horizontal departure to criminal history category V, followed by a non-guidelines sentence under United States v. Booker, 543 U.S. 220 (2005).

2

criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes"). This called for a guideline range of 84 to 105 months, and the court imposed a 100-month sentence.[2]

---

[2] If in fact the court imposed what it believed was a guidelines sentence, based on both a horizontal and vertical departure, the sentence was imposed pursuant to an incorrect guideline calculation. Prior to November 1, 2003, Second Circuit case law authorized courts to impose both horizontal and vertical departures when it concluded that a defendant's career offender status over-represented his criminal history. See United States v. Rivers, 50 F.3d 1126, 1131 (2d Cir. 1995). Thus, if Menafee's criminal activity had taken place before November 1, 2003, there would have been no problem with the court's calculation. Instead, however, Menafee's offense conduct took place in early 2004–several months after the Sentencing Commission issued, in November 2003, a sweeping amendment to USSG § 4A1.3 and related provisions.

Among the changes instituted was a change in the commentary to Section 1B1.1 that specifically defined the term "departure." While the prior version of the guidelines did not specifically define this term, the 2003 amendment clarified that "departure" meant:

> (i) for purposes other than those specified in subdivision (ii), imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence; and
> (ii) for purposes of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category), assignment of a criminal history category other than the otherwise applicable criminal history category, in order to effect a sentence outside the applicable guideline range.

USSG § 1B1.1 n.1(E) (emphasis added) (2004). By its terms, this amendment appears to have prohibited vertical departures pursuant to Section 4A1.3. And although the Second Circuit has yet to clarify the issue, at least one court has recognized that the 2003 amendments effected this change. See United States v. Nielsen, 427 F. Supp. 2d 872, 878 (N.D. Iowa 2006).

The 2003 guidelines amendment also imposed another important change. Specifically, the amendment made clear that career offenders could not obtain horizontal departures that reduced their criminal history category by more than one level. See USSG § 4A1.3(b)(3)(A) ("The extent of a downward departure under [Section 4A1.3(b)] for a career offender . . . may not exceed one criminal history category.").

At Menafee's sentencing, the court recognized that the guidelines prohibited horizontal departures that exceeded one criminal history category. See Sentencing Tr. at 36. The court appears to have overlooked, however, the fact that vertical departures were prohibited. Had the court been cognizant of this, the correct guidelines calculation would have been to assign the defendant an offense level of 31, while continuing to impose a horizontal departure to criminal history category V. This would have resulted in a sentencing guidelines range of 168-210 months – well above the 100 months that the defendant received.

Of course, even if the court had calculated the guidelines correctly, the court still could have imposed a 100 month sentence under Booker if it had deemed 100 months to be an appropriate non-guidelines sentence.

More than two years after Menafee was sentenced, the Sentencing Commission retroactively amended the guidelines for crack-cocaine offenses. Under the amended guidelines, Menafee's base offense level would have been 24, rather than 26. If the court were to engage in horizontal and vertical departures of a magnitude comparable to those originally done at sentencing, Menafee would be deemed to have an offense level of 21, with criminal history category V, resulting in a guideline range of 70-87 months. Defendant seeks to be sentenced under this amended range.[3]

## II. ANALYSIS

Under 18 U.S.C. § 3582(c), the court has the authority to resentence individuals when certain guideline changes have been made retroactive. Specifically: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been [retroactively] lowered by the Sentencing Commission[,] . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Here, the applicable policy statement is codified at USSG § 1B1.10. It provides, inter alia, that a reduction "is not consistent with this policy statement if . . . [a retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B) (2007 & Supp.).

---

[3] Before reviewing a sentencing transcript in connection with this case, Menafee maintained that the court's logic would have classified him as offense level 22, criminal history category VI, under the amended guidelines. The court's review of the relevant sentencing materials actually shows that defendant's classification would have been even lower.

4

The key issue in this case is to determine the meaning of the phrase "applicable guideline range" in the policy statement. Is the applicable guideline range the range that is calculated <u>after</u> departures? Or is it the guideline range calculated <u>before</u> departures? If it is the former, defendant has a strong argument for resentencing. If it is the latter, the defendant is ineligible because the crack-cocaine amendment would not alter the applicable guidelines range: with or without the amendment, Menafee's career offender status would result in a pre-departure offense level of 34 (31 after accounting for acceptance of responsibility) and a criminal history category of VI.

For two reasons, the court concludes that the "applicable guidelines range" is the <u>pre</u>-departure range. First, to hold otherwise would render parts of Guideline Section 1B1.10(b)(2) largely meaningless. Section 1B1.10(b)(2)(A) states that a resentencing court cannot reduce a sentence below the minimum of the guideline range that would apply under the amended guidelines. Importantly, this principle contains an exception:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate. However, if the original term of imprisonment constituted a non-guidelines sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

USSG § 1B1.10(b)(2)(B). Note that this exception discusses the "guideline range applicable to the defendant at the time of sentencing." If this referred to a <u>post</u>-departure range, the exception in Section 1B1.10(b)(2)(B) could only apply to situations

in which the court had imposed a non-guidelines sentence under Booker.⁴  Yet it is plain from the way the exception is written, particularly its use of the word "however," that the exception contemplates being applied in many non-Booker scenarios.  To give effect to that contemplation, the court therefore must interpret the phrase "guideline range applicable to the defendant at the time of sentencing" to be the pre-departure guideline range.

Second, this interpretation is confirmed by the Sentencing Commission's commentary to its policy statement.  In application note 3 to Section 1B1.10, the Commission discusses a hypothetical example in which "the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months," but the court had nonetheless imposed a "departure" to 56 months imprisonment.  It is plain from this that the Commission deemed the phrase "guideline range applicable to the defendant at the time of sentencing" to be the pre-departure guideline range.

Notwithstanding this analysis, the defendant argues that the court can act to resentence him because his sentence was "based on" the departed-to-sentencing guidelines range, and that guidelines range was subsequently lowered by the retroactive crack amendment.  See Defendant's Response at 5-6; see also 18 U.S.C. § 3582(c)(2) (explaining that a resentencing can be authorized when an original sentence

---

⁴ If a defendant was sentenced in the post-Booker era, and he received a sentence below his post-departure guideline range, the sentence would have been a legal sentence only if the court had concluded that the appropriate sentence, after consideration of all the factors in 18 U.S.C. Section 3553(a), was one that fell outside the Guidelines.  If a defendant was sentenced in the pre-Booker era, there would have been no legally viable way for the court to sentence the defendant below his post-departure guideline range.

6

was "based on" a guideline that was subsequently lowered retroactively).  Menafee asks this court to follow the lead of United States v. Poindexter, No. 00-406, 2008 U.S. Dist. LEXIS 36284, at *7-12 (E.D. Pa. May 2, 2008), a case that permitted a retroactive sentence reduction where the original sentence (like Menafee's) had been the product of a vertical departure from the career offender guidelines.  Poindexter reasoned that the defendant's first sentence had been "based on" a guideline calculation that accounted for the defendant's quantity of crack-cocaine: the vertical departure there had been designed to bring the defendant to the offense level that would have applied in the absence of the career offender provisions.  See Poindexter, at *6-8.

This court is not persuaded by the Poindexter decision.  Even when a sentence is "based on" a later amended guideline, section 3582(c) further requires any resentencing to be consistent with any applicable policy statements.  In this case, the court has determined that resentencing would not be consistent with Guidelines Section 1B1.10.

The court finally notes that, even if it concluded that the applicable guidelines range was the post-departure range, the court would still decline to resentence Menafee.  As discussed above, see supra note 2, when the court originally sentenced Menafee, it incorrectly believed that it had the authority to depart vertically under Section 4A1.3.  As such, the court dropped Menafee's adjusted offense level to 23.  Under a proper understanding of the court's departure authority, however, the defendant's adjusted offense level should have stayed at 31.  With criminal history

category V, the guidelines recommended that Menafee be sentenced to 168-210 months. Since the amended crack guidelines did nothing to enhance the court's vertical departure authority, under the new guidelines Menafee's range would still be calculated at 168-210 months. In these circumstances, the court sees no reason why it ought to resentence the defendant. And this is especially so when one considers that, because of the court's apparent error,[5] Menafee's sentence is 68 months <u>below</u> the correctly calculated guideline minimum.[6]

### III. CONCLUSION

In light of the foregoing, the court will not reduce the defendant's sentence.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 5th day of August, 2008.

                                      /s/ Janet C. Hall
                                      Janet C. Hall
                                      United States District Judge

---

[5] The court notes that, at sentencing, the government did not object to the court's guideline calculation. The government did not appeal the defendant's sentence.

[6] If the defendant's original sentence was not the result of a vertical departure, but was instead the result of a non-guidelines sentence under <u>Booker</u>, the court would also still decline to revisit the sentence. <u>See</u> USSG § 1B1.10(b)(2)(B) ("[I]f the original term of imprisonment constituted a non-guidelines sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.").